_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00280-FWS-DFM                                         Date: April 3, 2025
Title: Jose Alfredo Gutierrez Esparza v. B. Braun Medical, Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING MOTION TO REMAND [12]**

Plaintiff Jose Alfredo Gutierrez Esparza ("Plaintiff") filed this case in state court asserting fourteen claims against Defendant B. Braun Medical, Inc. ("Defendant") related to sexual harassment and other wrongs Plaintiff allegedly experienced while Defendant employed him. (Dkt. 1-1 ("Complaint" or "Compl.").) Defendant removed the case to this court on the basis of diversity jurisdiction. (Dkt. 1 ("Notice of Removal" or "NOR").) Before the court is Plaintiff's Motion to Remand. (Dkt. 12 ("Motion" or "Mot.").) Defendant opposes the Motion. (Dkt. 14 ("Opposition" or "Opp.").) Plaintiff filed a reply in support of the Motion. (Dkt. 16 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for April 17, 2025, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion.

**I.     Background**

Plaintiff began working for Defendant full time as a form fill seal operator on March 3, 2014, for $25.00 per hour. (Compl. ¶ 9.) Although "Plaintiff was required to use his personal cellphone throughout the workday for work-related matters," Defendant "fail[ed] to reimburse Plaintiff for his expenses related to the use of his personal cell phone." (*Id.* ¶ 11.) In addition,

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00280-FWS-DFM                          Date: April 3, 2025
Title: Jose Alfredo Gutierrez Esparza v. B. Braun Medical, Inc.

"[c]ontrary to what was recorded on his timecards, Plaintiff almost always missed his meal/rest breaks due to shortage of staff," and "Plaintiff's supervisor, Mr. Jesus Chabarria, actively prevented Plaintiff from going on his lunch breaks on numerous occasions due to shortage of staff." (*Id.* ¶ 12.) "Mr. Chabarria, fabricated [Plaintiff's] timecard to falsely indicate that he was taking timely and duty-free lunch breaks." (*Id.*)

"In addition, during his employment, Plaintiff witnessed and personally experienced multiple instances of sexual harassment from Mr. Chabarria. On several occasions, Mr. Chabarria would approach Plaintiff and attempt to give him a massage by grabbing his shoulders, which made Plaintiff very uncomfortable and distressed, especially considering that Mr. Chabarria, as his supervisor had superiority and authority over him." (*Id.* ¶ 14.) "Additionally, Mr. Chabarria made inappropriate comments about female employees, frequently commenting on their physical appearance, such as making remarks about their 'big booty.'" (*Id.*) "However, the most distressing incident for Plaintiff was when Mr. Chabarria grabbed his private parts, causing him extreme discomfort and significantly impacting his emotional safety and well-being at work." (*Id.*)

Although "Plaintiff reported the incidents of harassment by Mr. Chabarria to Human Resources ('HR') and was informed that they were going to do a follow up investigation," "no investigation was ever conducted." (*Id.* ¶ 15.) "Worse, Plaintiff was advised by the HR personnel manager, Mr. Christian Cardona, that he could simply move to a different location or resign." (*Id.*)

"Thereafter, Plaintiff was also notified by Mr. Cardona that he was prohibited from working in the same department as his girlfriend, who was also employed with Defendant." (*Id.* ¶ 16.) "This directive came as a surprise to Plaintiff as, to his knowledge, it was not a policy that was reflected anywhere in Defendant's official employee handbook." (*Id.*) "Subsequently, the HR Manager, Walter Jose, verbally instructed Plaintiff to leave the company." (*Id.*) "As the environment had become unbearably hostile, Plaintiff was forced to tender his resignation on December 16, 2022." (*Id.*)

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00280-FWS-DFM                        Date: April 3, 2025

Title: Jose Alfredo Gutierrez Esparza v. B. Braun Medical, Inc.

___

Based on these facts, Plaintiff brings claims for (1) sexual harassment in violation of the California Fair Employment and Housing Act ("FEHA"), (2) failure to prevent harassment in violation of FEHA, (3) retaliation in violation of FEHA, (4) constructive discharge in violation of FEHA, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) failure to pay overtime in violation of the California Labor Code, (8) failure to compensate for every hour worked in violation of the California Labor Code, (9) failure to provide meal periods in violation of the California Labor Code, (10) failure to maintain accurate employment records in violation of the California Labor Code, (11) failure to furnish accurate wage statements in violation of the California Labor Code, (12) failure to timely pay all wages earned and due upon termination of employment in violation of the California Labor Code, (13) failure to reimburse work-related expenses in violation of the California Labor Code, and (14) violation of California's Unfair Competition Law. (*Id.* ¶¶ 18-126.)

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years,

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00280-FWS-DFM                                        Date: April 3, 2025
Title: Jose Alfredo Gutierrez Esparza v. B. Braun Medical, Inc.

___

requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). Federal courts have diversity jurisdiction where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The amount in controversy is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In measuring the amount in controversy, courts assumes the allegations in the complaint are true and that the jury will return a verdict in favor of the plaintiff on all claims. *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (directing courts to first look to the complaint in determining the amount in controversy). A removing Defendant has the burden to "prove that the amount in controversy . . . exceeds the jurisdictional threshold by a preponderance of the evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

When a defendant initially removes a case, it must submit only a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). And when the basis for removal is diversity jurisdiction, the amount in controversy allegation in the removal notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, if the plaintiff contests, or the court questions, the defendant's allegations, evidence establishing the amount is required. *See id.*; 28 U.S.C. § 1446(c)(2)(B). The Ninth Circuit recently explained that following such a challenge, the defendant must make its showing with "summary-judgment-type evidence." *Fritsch*, 899 F.3d at 794.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if

___

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00280-FWS-DFM                                   Date: April 3, 2025
Title: Jose Alfredo Gutierrez Esparza v. B. Braun Medical, Inc.

there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III.  Discussion

In the Motion, Plaintiff argues Defendant has failed to establish that the court has diversity jurisdiction over this case.  (*See generally* Mot.)  The court is not persuaded.

First, Plaintiff argues Defendant has not met its burden to show the requisite amount in controversy.  (Mot. at 1-2.)  Specifically, Plaintiff argues that Defendant's calculations include "speculat[ion] that Plaintiff's counsel attorneys' fees 'would exceed the sum of $75,000.00 for Plaintiff through trial.'"  (Mot. at 2 (citing Dkt. 1-4 (Declaration of David Jacobs) ¶ 7); Reply at 4.)  But Plaintiff fails to acknowledge or challenge the statements in the Notice of Removal that, "[b]ased on Plaintiff's annualized pay and status as a full-time employee, Plaintiff's back pay claim alone is $116,211.20 for the approximate 112 weeks between his December 16, 2022, date of separation and the date of this Notice of Removal."  (NOR ¶ 20.c.)  The court finds Defendant adequately demonstrated the required amount in controversy.[1]  *See Dart Cherokee*, 574 U.S. at 89 ("And when the basis for removal is diversity jurisdiction, the amount in controversy allegation in the removal notice need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.") (internal quotation omitted).

_____

[1] In the Reply, Plaintiff—without citation—argues that Plaintiff has "provided substantial evidence indicating that the amount in controversy does not exceed $75,000."  (Reply at 2; *see also id.* at 4 ("Plaintiff has consistently maintained that his claims do not exceed $75,000, and his allegations are supported by the record.").)  However, the court is not aware of any evidence indicating the amount in controversy does not exceed $75,000, and indeed, the court notes that in the parties' Joint Rule 26(f) Scheduling Conference Report, filed the same day as the Reply, "Plaintiff estimates his economic damages include . . . [l]ost wages and benefits" of approximately "$150,000+."  (Dkt. 15 at 4.)

_____

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00280-FWS-DFM                                Date: April 3, 2025
Title: Jose Alfredo Gutierrez Esparza v. B. Braun Medical, Inc.

_____

      Second, Plaintiff argues Defendant has not met its burden to show complete diversity because "Defendant's assertion that its principal place of business is in Pennsylvania lacks sufficient support." (Mot. at 2.) The court disagrees. On this issue, the Notice of Removal states:

> At the time of the filing of the Complaint, [Defendant]'s headquarters and principal place of business was located in Bethlehem, Pennsylvania. (Wheeler Decl., ¶ 3.) As of the date of this Notice of Removal, Defendant's headquarters and principal place of business remains in Bethlehem. (*Id.*) From the executive and administrative offices at this location, [Defendant]'s officers direct, control, and coordinate [Defendant]'s nationwide services and overall business operations. (*Id.*) [Defendant]'s corporate officers perform their primary fundamental operations out of Pennsylvania, not California. (*Id.*) [Defendant] thus is a citizen of Pennsylvania for purposes of diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

(NOR ¶ 9.) Together with the Notice of Removal, Defendant also submitted a declaration from Diane Wheeler, Defendant's Director of Human Resources, who testified to the facts underlying Defendant's statements regarding Defendant's citizenship. (Dkt. 1-3 (Declaration of Diane Wheeler) ¶¶ 1-3.) The court finds Defendant submitted a sufficient "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Indeed, "[a] removing defendant . . . need only allege facts sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence supporting those facts." *Zeppeiro v. Green Tree Servicing, LLC*, 2014 WL 12596312, at *6 (C.D. Cal. June 16, 2014); *see Acad. of Country Music v. Cont'l Cas. Co.*, 991

_____

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00280-FWS-DFM | Date: April 3, 2025 |
| Title: Jose Alfredo Gutierrez Esparza v. B. Braun Medical, Inc. | |

F.3d 1059, 1069 (9th Cir. 2021) ("Here, the district court erred as a matter of law in requiring that the notice of removal 'prove' subject matter jurisdiction.").

Finally, Plaintiff argues "removal was procedurally deficient." (Mot. at 2 (caps and bold removed from heading).) Plaintiff does not identify any way in which removal was purportedly procedurally deficient, but rather only contends that "Defendant bears the burden of compliance" with the removal statute and that "Defendant's Notice of Removal fails to provide clear and convincing evidence of jurisdiction." (*Id.*) The court is not persuaded that any procedural deficiency exists in Defendant's removal of this case.

In summary, the court finds Defendant adequately demonstrated that the requisite $75,000 is in controversy in this case and that there is complete diversity because Defendant is a citizen of Texas and Pennsylvania, and Plaintiff is not a citizen of either of those states.[2]

**IV.     Disposition**

For the reasons stated above, the court **DENIES** the Motion.

---

[2] With the Motion, Plaintiff's counsel filed a First Amended Declaration of Jacob N. Whitehead Disclosing New Information Regarding Change in Plaintiff's Residency. (Dkt. 13.) In this declaration, counsel states, "[i]n the interest of full disclosure to the Parties and to this Court," that counsel "learned . . . on Friday March 14, 2025" that Plaintiff now lives in North Carolina. (*Id.* ¶ 2, Ex. B.) Whether Plaintiff is a citizen of California or North Carolina has no impact on whether the court has diversity jurisdiction over this case because Defendant is not a citizen of either California or North Carolina.